Frost J.
delivered the opinion of the Court.
It is necessary, in order to charge a party with a parol contract, to prove a promise express or implied, and that supported by a sufficient consideration. In actions on such contracts, it is necessary to aver that the consideration was performed at the special instance and request of the defendant. This request may be either express or implied. Where a party has adopted and enjoyed the benefit of the consideration, it is sufficient, because equivalent to a previous request; as where one buys goods for another and he accepts them. But if the proof of the precedent request does not arise out of the circumstances of the transaction, it is necessary to prove the request by express *172 evidence. 1 Smith’s Leading Cases, 55; 1 Saund., 264. In this case, the defendant derived no benefit from the plaintiff’s professional services to Mrs. Eustis’ slave, from which a previous request may be implied; nor did ho promise to pay for them. It is, then, necessary, in order to charge him with an implied promise, to prove that the services were rendered at his request. The proof is, that Law, the overseer, was instructed to employ the defendant, when a physician was required. A surgical case having occurred, the defendant directed Law to send for the plaintiff. He did not authorize Law to send for the plaintiff on his account, or in his name, nor did he assume to pay for the plaintiff’s services Law had the plaintiff sent for. He was not told that he had been sent for at the request of the defendant. His service was not then rendered at the request of the defendant. When Law says he was requested by the defendant to send for the plaintiff, he would more correctly have said, he was so directed or advised. The defendant had no interest to induce a request. If the defendant had directed a nurse or any thing necessary in the situation of the slave to be provided, and Law had procured them on credit, he might with as much propriety have said, they were furnished at the request of the defendant, as the plaintiff’s surgical skill. The evidence respecting usage avails nothing. Dr. Fielding says, if one physician calls another in consultation, without the knowledge of the owner, he thinks, “the usage would be to charge him who requested the consultation.” He does not say there is any such usage. Besides there is no proof that the defendant called in the plaintiff for consultation. On the contrary, the defendant declined the case, and never saw the patient again before the operation was performed. It is assumed in argument that Mrs. Eustis is not liable, and thence inferred that the defendant must be, on the proof adduced. The conclusion does not follow from the premises; respecting which it is therefore unnecessary to express any opinion. A non-suit is not ordered, because the plaintiff may make out a different case.
The motion for a new trial is granted.
O’Neall J., Evans J., and Wardlaw J., concurred.